## CITY OF NEW ORLEANS v. SOUTHERN BANK.

The general banking law, approved April 30th, 1853, in regard to the privileges and immunities granted under it, is as much a contract with the individual corporations formed under the Act, as would be a special Act of incorporation containing the like provisions.

The 35th section of the general banking law is a guarantee to the capitalist that, if he invests in the stock of the banks created under this law, his stock shall not be taxed in any other manner that other personal property; and thus far is an obligation binding on the State and all municipal or other corporations deriving their authority from the State.

The provision of the 1st section of the Act of 1842, which authorizes the city of New Orleans to fix the rate of licenses for "*all other callings, professions or business*" not enumerated therein, includes corporations as well as natural persons. VOORHIES, J., (with whom concurred BUCHANAN, J.,) dissenting.

The 35th section of the Free Banking Law, which provides, "that bankers and banking companies doing business under this Act, shall be taxed upon their capital stock at the same rate as other personal property under the laws of this State," is applicable only to the capital stock, and not to the calling or business of those institutions. VOORHIES, J., (with whom concurred BUCHANAN, J.,) dissenting.

C. C. 418, 424, 429.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Hiestand & Levy*, for plaintiff. *Eustis*, for defendant and appellant.

MERRICK, C. J. The general banking law, approved April 30th, 1853, in regard to the privileges and immunities granted under it, is as much a contract with the individual corporations formed under the Act, as would be a special Act of incorporation containing the like provisions.

So long as nothing is said in the Act of incorporation on the subject of taxation, that power must be considered as reserved to the Legislature, it being one of the most important rights of sovereignty.

It must follow that the thirty-fifth section of the Act under consideration, was a useless provision if it were intended to secure to the State the right of taxation, for it was not necessary for the State to stipulate for this right with any of her citizens.

6

We must therefore conclude, that this section was intended for the securi../ of the capitalist, and an assurance to him that if he invested his money in the banks, under this general banking law, that his stock should be taxed at the same rate as other personal property. It was an assurance that it should not be taxed in any other manner. So far then, this section possesses the force of an obligation, binding alike upon the State and all municipal and other corporations deriving their authority from the State.

A majority of the court, therefore, is of opinion that the banks organized under the above mentioned Free Banking Law, are not subject to taxation in the form attempted.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and there be judgment against the plaintiff and in favor of the defendant, and that the plaintiff pay the costs of both courts.

Voorhies, J., (Buchanan, J., concurring,) dissenting. This is an action for the recovery of the sum of $500, alleged to be due by the defendant for a tax or license. The ordinance of the Common Council of New Orleans, under which it is claimed, declares:

"From and after the 1st day of January, 1854, the taxes and licenses for professions, callings and other business throughout the city and parish of Orleans, &c., &c., shall be fixed, assessed and collected at the rates and sums specially set forth in the following sections:

"Art. 2. A tax of five hundred dollars shall be levied annually on the following, viz: Every bank organized and doing business under the Free Banking Law of this State; approved April 30th, 1853."

The power of the Common Council to impose this tax or license, is derived from the 1st section of the Act of 1842, which provides:

"That the powers heretofore conferred on the General Council of New Orleans, shall be so construed as to authorize them to fix the rate that shall be levied, as an annual or other tax, or license, on and to be paid by all brokers, merchants, traders, wholesale or retail dealers, hotels, boarding-houses, theatres, theatrical and other performances, grogshops, bar-rooms, cabarets, and *all other callings, professions or business*, to be collected under the authority of the Councils of the different municipalities, on such persons vending within their respective limits and exercising said callings, professions or business, and whether said persons be permanent or transient residents in the said city of New Orleans. (Session Acts of 1842, p. 17.) Under the Consolidation Act, all the powers conferred on the First, Second and Third Municipalities and General Council of the city of New Orleans, were vested in the present Common Council of said city. (Session Acts of 1852, p. 48.) The Common Council then was invested with the authority to fix the rate of taxes or licenses as prescribed by the Act of 1842. But it is contended by the defendant's counsel, that the banks incorporated under the Free Banking Law do not come within the operation of that statute; that the authority thus conferred, is only applicable to natural persons exercising such of the trades or callings as are therein specified. I do not think so. A corporation, for certain purposes, is considered as a natural person. C. C., 418, 424, 429; 5 L., 461. Being viewed as such, I think the words "and all other callings, professions or business," used in the statute are broad enough to include the defendant.

It is also contended that the defendant can be taxed in no other manner than <span style="float:right">NEW ORLEANS<br>*v.*<br>SOUTHERN BANK.</span> as provided for in the 35th section of the Free Banking Law, which is as fol- lows : " That bankers and banking companies, doing business under this Act, shall be taxed upon their capital stock at the same rate as other personal pro- perty under the laws of this State." I think it is clear that this section is applicable only to the capital stock—" fonds capital "—and not to the calling or business of those institutions. The distinction existing between the capital stock and calling or business of a bank, appears to me manifest, a distinction too which seems to be generally observed in another statute in relation to the same subject-matter, in which merchants are not only taxed on their calling or business, but upon the capital employed in such calling or business. (Session Acts of 1853, p. 285, sec. 1, 3.) Hence I consider the tax in question not as a tax upon the capital stock of the bank, but as a tax upon its calling or business. The statute authorizing its levy, is clearly not in contravention of the 35th section of the Free Banking Law ; and being in force at the time, it must be presumed that the Southern Bank was incorporated with reference to its provi- sions. Besides, it is difficult to perceive any good reason why bankers and banking companies should stand upon a more favorable footing than mer- chants in regard to the contribution to the public burthens. The law authoriz- ing the municipal corporation of the city of New Orleans to levy taxes on capi- tal, was abrogated by the statute of 1852. It follows, therefore, that the defendant's stock is exempted from municipal taxation. Whether the State would have the right, by subsequent legislation, to tax the calling or business of the banks thus incorporated, is a question which is unnecessary to be de- cided in the present case.

As to the constitutionality of the tax, the question may be considered as well settled under the repeated decisions of this court. See 9th An., 305.

I am therefore of opinion, that the judgment of the court below ought to be affirmed with costs.